# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MAUREEN REED,

      **Plaintiff,**

vs.                                                                                                 No. CIV 03-1420 RB/RLP

**ALLSTATE INSURANCE COMPANY**
**and JOHN DOE, as Personal Representative**
**of the Estate of TODD AAKHUS, deceased,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's (Reed's) Motion to Remand (Doc. 3), filed on January 5, 2004. On December 12, 2003, Defendant (Allstate) removed this matter pursuant to 28 U.S.C. §1441(a), alleging diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000.00. 28 U.S.C. § 1332. Having reviewed the submissions of the parties and the relevant law, I find that the motion to remand should be granted, the request for attorney fees and costs should be denied, and that this matter should be remanded to state court for lack of subject matter jurisdiction.

**I.    Background.**

Reed is an attorney and citizen of New Mexico. (Compl. ¶ 1.) Allstate is an Illinois corporation with its principal place of business in Illinois. (Compl. ¶¶ 2-3.) Prior to his death on April 21, 2003, Todd Aakhus was an attorney and a citizen of New Mexico. (Compl. ¶¶ 4-7.)

Reed was employed in Allstate's Albuquerque, New Mexico office. (Compl. ¶ 9.) Aakhus

was her supervisor. (Compl. ¶ 10.) Beginning in October 1998, Aakhus engaged in a pattern and practice of sexual comments, sexual banter, and other discriminatory conduct targeting Reed and other female employees. (Compl. ¶ 11.) Reed complained about the discrimination to Aakhus, regional supervisors, and Allstate corporate headquarters. (Compl. ¶ 12.) Allstate and Aakhus retaliated against Reed for opposing the discriminatory practices. (Compl. ¶ 13.) As a result of the discrimination and retaliation, Reed resigned her employment effective January 15, 2003. (Compl. ¶ 14.)

Reed filed a charge of discrimination with the Human Rights Division of the New Mexico Department of Labor. (Compl. ¶ 15.) On August 1, 2003, the agency issued an Order of Non-determination. (Compl. ¶ 16.) On August 28, 2003, Reed filed her Complaint in the First Judicial District, County of Santa Fe, State of New Mexico, alleging violations of the New Mexico Human Rights Act, intentional infliction of emotional distress, prima facie tort, and retaliatory discharge. (Compl. at 4-7.) She requested an award of compensatory damages, punitive damages, attorney fees and costs. (Compl. at 8.)

The Complaint did not state the amount in controversy. In her responses to requests for admissions served on November 24, 2003, Reed admitted that her damages exceeded $75,000. (Notice of Removal Ex. B.) On December 12, 2003, Allstate removed the case to this court pursuant to 28 U.S.C. § 1441(a), alleging the requisite amount in controversy and complete diversity of citizenship. (Notice of Removal at 2-3.)

II.     **Summary of Pending Motions and Arguments.**

On January 5, 2004, Reed moved to remand, arguing that removal was untimely; complete

diversity does not exist; and Allstate cannot establish fraudulent joinder. Reed requests an award of fees and costs pursuant to 28 U.S.C. § 1447(c).

Allstate responded that the case became removable only when Reed admitted she sought more than $75,000; and the estate is improperly joined because intentional torts do not survive the death of the tortfeasor.

Reed replied that removal was untimely and Allstate failed to establish fraudulent joinder.

**III. Standard.**

Federal removal jurisdiction is statutory in nature and must be strictly construed. *Shamrock Oil & Gas v. Sheets*, 313 U. S. 100, 108 (1941). Doubts must be resolved in favor of remand. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). A removing party has the burden of demonstrating the existence of federal jurisdiction by a preponderance of the evidence. *Karnes v. Boeing Co.*, 335 F.3d 1189, 1195 (10th Cir. 2003).

**IV. Analysis.**

**A. Whether the removal was timely.**

Section 1446(b) provides in relevant part:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the

3

action.

28 U.S.C. § 1446(b).

In cases where the basis for diversity becomes known after the case is filed, a defendant has thirty days from the date of notice of the basis of removal to file notice of removal. *Huffman v. Saul Holdings Ltd.*, 194 F.3d 1072, 1078 (10th Cir. 1999). Reed does not refute that Allstate became aware of the amount of her alleged damages only after Reed answered Allstate's discovery requests on November 24, 2003. Defendant filed its notice of removal on December 12, 2003, well within thirty days of receiving notice of the basis for removal. Under these circumstances, removal was timely within the meaning of 28 U.S.C. § 1446(b).

**B. Whether the estate of Todd Aakhus was fraudulently joined.**

Allstate contends that Reed fraudulently joined the estate of Aakhus to defeat diversity jurisdiction. Although the personal representative has not been identified, for diversity purposes, the legal representative of the estate of a decedent shall be deemed a citizen of the same state as the decedent. 28 U.S.C. §1332(c)(2). Therefore, the personal representative of Aakhus shall be deemed a citizen of New Mexico regardless of his or her residency.

The right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). A non-diverse defendant is fraudulently joined when no cause of action is pleaded against him or her, when the cause of action pleaded is defective as a matter of law, or when the pleaded cause of action does not exist in fact. *Roe v. Gen. Am. Life Ins. Co.*, 712 F.2d 450, 452 (10th Cir. 1983).

A party seeking to justify removal based on diversity jurisdiction must plead a claim of

fraudulent joinder of the non-diverse defendant with particularity and prove the claim with certainty. *Couch v. Astec Indus., Inc.*, 71 F.Supp.2d 1145, 1146-47 (D. N. M. 1999). The burden of showing fraudulent joinder is heavy. *See Montano v. Allstate Indem.*, 211 F.3d 1278 (table opinion), 2000 WL 525592, at *1 (10th Cir. 2000); *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). The standard is more exacting than the standard for dismissing a claim under FED. R. CIV. P. 12(b)(6). *Batoff v. State Farm Ins. Co.*, 977 F. 2d 848, 851-53 (3d Cir. 1992).

To prove an allegation of fraudulent joinder, the removing party must demonstrate that there is no possibility the plaintiff would be able to establish a cause of action against the joined party in state court. *Hart v. Bayer Corp.*, 199 F.3d at 246. All disputed questions of fact and all ambiguities in the controlling law must be construed in favor of the non-removing party. *Id.* Remand is required if any one of the claims against the resident defendant is possibly viable. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 207 (5th Cir. 1983).

Allstate argues that Reed's joinder of the estate is fraudulent because Reed alleges only intentional torts with respect to Aakhus and intentional torts do not survive the tortfeasor's death. The issue of whether a cause of action survives a tortfeasor's death is governed by state law. *Robertson v. Wegmann*, 436 U.S. 584, 588-90 (1978) (analyzing 42 U.S.C §1983 claims).

The applicable New Mexico statute provides:

> In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to real or personal estate, or for any deceit or fraud, shall also survive, and the action may be brought, notwithstanding the death of the person entitled or liable to the same. The cause of action for wrongful death and the cause of action for personal injuries shall survive the death of the party responsible therefore.

NMSA 1978, § 37-2-1.

Allstate argues that this statute does not encompass intentional torts. By its plain meaning, the statute extends to intentional personal injury causes of actions such as assault. *Padilla v. Estate of Griego*, 113 N.M. 660, 664, 830 P.2d 1348, 1352 (Ct. App. 1992). Reed's claims for intentional infliction of emotional distress, prima facie tort, and retaliatory discharge would arguably fall within the reach of § 37-2-1 and would survive the death of Aakhus. Because all ambiguities in the controlling law must be construed in favor of Reed, the non-removing party, Allstate has failed to satisfy the exacting standard for establishing fraudulent joinder.

Allstate relies on *Medina, et al. v. Pacheco, et al.*, CIV 95-1004 JC/JHG, (Jul. 6, 1996), *aff'd*, 161 F.3d 18, 1998 WL 647784 (unpublished) (10th Cir. 1998), for the theory that intentional torts do not survive the death of the tortfeasor under New Mexico law. In *Medina*, the Honorable John E. Conway, United States District Judge, stated that a §1983 claim was akin to an intentional tort and that such a cause of action did not survive the death of a plaintiff. *Medina v. Pacheco*, Mem. Op. at 3-4.

*Medina* is inapposite to the instant case for at least two reasons. First, in *Medina*, a plaintiff died before suit was filed. In this case, Aakhus was a tortfeasor, not a plaintiff. Because the alleged tortfeasors were still alive when the lawsuit was filed, *Medina* did not implicate the second sentence of §37-2-1. *See Medina*, 161 F.3d 18, 1998 WL 647784 (unpublished) (10th Cir. 1998) (observing that last sentence inapplicable and distinguishing *Padilla v. Estate of Griego*, 113 N.M. 660, 830 P.2d 1348 (Ct. App. 1992)).

Second, *Medina* relied on *Rodgers v. Ferguson*, 89 N.M. 688, 691, 556 P.2d 844, 847 (Ct. App. 1976) for the proposition that the non-survival rule applies only to torts that existed when the rule developed. *Medina*, Mem. Op. at 4. Because intentional torts existed at the time the non-

survival rule evolved, Judge Conway reasoned that the non-survival rule applied to intentional torts. *Id*. Reed alleges prima facie tort, which was adopted in New Mexico in 1990. *See Schmitz v. Smentowski*, 109 N.M. 386, 396, 785 P.2d 726, 736 (1990). Because prima facie tort did not exist when the non-survival rule was evolving, the rationale of *Medina* is inapplicable here.

Allstate relies on an opinion issued by the Honorable M. Christina Armijo, United States District Judge, in a companion case brought by a former co-worker of Reed who was allegedly harassed by Aakhus. *Littell v. Allstate Ins. Co., et al.*, CIV 03-0493 MCA/RHS (Jul. 30, 2003). The complaint in *Littell* was filed in state court before Aakhus died. *Littell* at 7. Where a tortfeasor dies after a complaint is filed, the action is governed by NMSA 1978, §37-2-4, and not Section 37-2-1. *Id.* In this case, NMSA 37-2-1 applies because Reed filed her complaint in state court after Aakhus died. Therefore, Allstate's reliance on *Littell* is misplaced.

The complaint states potentially viable claims against the estate. Allstate has failed to meet its burden of showing that Reed's joinder of the estate was fraudulent. The parties are not diverse. The case should be remanded to state court for lack of jurisdiction.

**C. Whether Reed is entitled to recover attorney fees and costs.**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The court has discretion to award attorney fees and costs under § 1447(c). *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997). Bad faith on the part of the removing party is not a prerequisite to an award. *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997). The inquiry is whether the removal was proper "ab initio." *Suder*, 116 F.3d at 1352.

Allstate had an arguable basis for removal, given the absence of controlling authority. In any

event, I find in my discretion that an award of attorney fees and costs would be inappropriate.

**V.     Conclusion**

Reed's Motion to Remand should be granted, but her request for an award of attorney fees and costs should be denied.  This matter should be remanded to the First Judicial District, County of Santa Fe, State of New Mexico.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 3), filed on January 5, 2004, is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney fees and costs is **DENIED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED TO THE FIRST JUDICIAL DISTRICT COURT, COUNTY OF SANTA FE, STATE OF NEW MEXICO.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**